UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TARA CARTER, Individually and as Personal Representative of the Estate of DEVIN CARTER, Deceased, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:26-cv-00457-SEB-KMB |
| INDIANA DEPARTMENT OF CORRECTION, HERITAGE TRAIL CORRECTIONAL FACILITY, THE GEO GROUP, INC., JULIUS STOKES, DAMARAYON HARRISON, ALEXANDER KNIGHT, DARE OMOKAN, CENTURION HEALTH OF INDIANA, LLC, EVE CARTER, | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff Tara Carter, as personal representative for the Estate of Devin Carter (the "Estate"), initiated this civil rights lawsuit, through counsel, on March 9, 2026. Dkt. 1. Defendants Indiana Department of Correction ("IDOC") and Centurion Health of Indiana, LLC ("Centurion") filed motions to dismiss.[1] For the reasons explained below, these motions, dkts. [26], [28], are **granted**. Plaintiff shall have 30 days to file an amended complaint.

## I. Factual Allegations and Procedural Background

The Estate filed its complaint on March 9, 2026, seeking monetary damages for Defendants' role in Devin Carter's death at Heritage Trail Correctional Facility ("Heritage Trail").

[1] The Estate also sues Heritage Trail Correctional Facility, the GEO Group, Inc., Julius Stokes, Damarayon Harrison, Alexander Knight, Dare Omokan, and Eve Carter. These defendants have not moved to dismiss the complaint.

Heritage Trail is operated by the IDOC. Dkt. 1 ¶ 8. Centurion provides medical services to prisoners at Heritage Trail pursuant to a contract with the IDOC. *Id.* ¶ 12.

On March 19, 2024 at around 9:30 a.m. two inmates struck Mr. Carter in the face, rendering him unconscious. *Id.* ¶ 14–15. The inmates continued to strike Mr. Carter while he was unconscious, causing visible bleeding and disorientation. *Id.* ¶¶ 16–21. Correctional officers found Mr. Carter around 10:00 a.m. and took him to the medical unit where he was later transported to Eskenazi Hospital around 10:33 a.m. *Id.* ¶¶ 22–24. Despite medical interventions at the hospital, Mr. Carter died of the injuries sustained in the attack. *Id.* ¶¶ 26–30.

The Estate seeks monetary damages for Defendants' failure to protect Mr. Carter in violation of the Eighth Amendment (Count I), Defendants' deliberate indifference to Mr. Carter's medical needs in violation of the Eighth Amendment (Count II), and the IDOC and Heritage Trail's maintenance of policies and practices that deprived Mr. Carter of his constitutional rights (Count III). *Id.* at 4–6. The Estate also pursues a wrongful death claim against Defendants (Count IV). *Id.*

On April 30, 2026, the IDOC moved to dismiss the Estate's claims pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 26. That same day, Centurion filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 28. Despite being granted an extension of time to respond to the motions, the Estate has not responded. Therefore, on June 22, 2026, Centurion filed a motion for summary ruling pursuant to Local Rule 7-1(c)(5) ("The court may summarily rule on a motion if an opposing party does not file a response within the deadline."). Dkt. 34. Preferring to decide dispositive motions on the merits, the Court denies Centurion's motion for summary ruling.

## II. Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), courts must dismiss complaints where the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties. *Smart v. Loc. 702 Int'l Bhd. of Elec. Workers,* 562 F.3d 798, 802 (7th Cir. 2009). "In the context of a motion to dismiss for lack of subject matter jurisdiction, [the court] accept[s] as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff[.]" *Center for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). However, "a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Id.*

## II. Discussion of the IDOC's 12(b)(1) Motion

As a threshold issue, the IDOC is not a suable entity in a 42 U.S.C. § 1983 lawsuit because states and their agencies are not "persons" subject to suit pursuant to the statute. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66–70 (1989)) (explaining that courts should resolve statutory defenses before constitutional defenses to avoid unnecessary constitutional decision-making). Therefore, the Estate's federal claims against the IDOC must be dismissed.

Furthermore, as the IDOC argues, the Eleventh Amendment bars private lawsuits in federal court against a state that has not consented. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). An agency of the state, such as the IDOC, enjoys that same immunity. *Nuñez v. Indiana Dep't of Child Services*, 817 F.3d 1042, 1044 (7th Cir. 2016). "Congress did not abrogate the states' sovereign immunity from suit under section 1983, as it could

have done." *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Indiana has not waived sovereign immunity. *See* Ind. Code § 34-13-3-5(f) (non-waiver of state law claims). Further, because the instant lawsuit seeks only damages, the exception to sovereign immunity seen in *Ex Parte Young* does not apply. *See Nuñez*, 817 F.3d at 1044; *Ex Parte Young*, 209 U.S. 123, 159–60 (1908). Therefore, this Court does not have subject matter jurisdiction over any of the claims against the IDOC. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72–73 (1996) ("The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction."); *Wasserman v. Purdue Univ. ex rel. Jischke*, 431 F. Supp. 2d 911, 917 (N.D. Ind. 2006) ("When the Eleventh Amendment applies to bar suit against a state, it is well settled that federal courts are divested of subject matter jurisdiction.").

The IDOC's motion, dkt. [26], is **granted** and all claims against it are dismissed.

### III. Federal Rule of Civil Procedure 12(b)(6)

To survive a Rule 12(b)(6) motion, the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court takes "as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *Roe v. Dettelbach*, 59 F.4th 255, 261–62 (7th Cir. 2023) (citation omitted)). But the Court is "not bound by legal conclusions couched as factual allegations." *Guerrero v. Howard Bank*, 74 F.4th 816, 819 (7th Cir. 2023).

### IV. Discussion of Centurion's 12(b)(6) Motion

Centurion argues that the Estate's claims fail because the complaint does not sufficiently state a *Monell* claim for the constitutional claims and fails to sufficiently allege the wrongful death claim by failing to allege an underlying violation. Dkt. 29. The Court agrees.

### A. The complaint does not allege a *Monell* claim

Private companies acting under color of state law, such as Centurion, are treated as municipalities for purposes of § 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). "Liability under this standard is difficult to establish, requiring a § 1983 plaintiff to prove that a municipality, either through an express policy or an implied policy of inaction, took deliberate action that was the moving force behind a constitutional injury." *Taylor v. Hughes*, 26 F. 4th 419, 435 (7th Cir. 2022) (internal citations omitted). Liability may attach in two circumstances: First, "if an express municipal policy or affirmative municipal action is itself unconstitutional, . . . a plaintiff has a straightforward path to holding the municipality accountable . . . [and] a single instance of a constitutional violation caused by the policy suffices to establish municipal liability." *Id.* (internal citations omitted). Second, a plaintiff may show "gaps in express policies or . . . widespread practices that are not tethered to a particular written policy—situations in which a municipality has knowingly acquiesced in an unconstitutional result of what its express policies have left unsaid." *Id.* (internal citations omitted). Under this theory, a plaintiff "must typically point to evidence of a prior pattern of similar constitutional violations" to "ensure that there is a true municipal policy at issue, not a random event." *Id.* (internal citations omitted).

Here, the complaint does not allege that Centurion had a policy that violated Mr. Carter's rights, nor does it allege a widespread practice or custom that caused the constitutional misconduct. The complaint has therefore failed to state a *Monell* claim.

### B. The complaint fails to state a wrongful death claim

The Estate alleges that Defendants' wrongful acts or omissions directly and proximately caused Mr. Carter's death in violation of Indiana Code § 34-23-1-1. Dkt. 1 ¶ 43. This statute allows

the personal representative of the decedent to maintain an action against the person or persons who cause the death by a wrongful act or omission if the decedent might have maintained an action against the person or person had they survived. *Cullen v. Hyatte*, 2025 WL 816632, at *4 (N.D. Ind. Mar. 14, 2025) (citing I.C. § 34-23-1-1). Here, the complaint does not specify the underlying cause of action that Mr. Carter might have maintained against Centurion, nor does it allege facts supporting an underlying claim of negligence or any other tort. Therefore, the Estate has failed to plead a wrongful death action against Centurion pursuant to I.C. § 34-23-1-1.

"'Ordinarily . . . a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed. We have said this repeatedly.'" *Agee v. Hickenbottom*, --- F.4th ---, 2026 WL 2069563, at *2–3 (7th Cir. July 17, 2026) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). The Estate may file an amended complaint within 21 days that cures the deficiencies identified in its claims against Centurion. If no amended complaint is filed, the Estate's claims against Centurion will be dismissed with prejudice.

## IV.
## Conclusion

The IDOC and Centurion's unopposed motions to dismiss, dkt. [26], [28], are **GRANTED**. The Estate's claims against the IDOC are dismissed. The **clerk is directed** to terminate the IDOC as a defendant on the docket.

The Estate may file an amended complaint within **21 days** that cures the deficiencies identified in this order. If no amended complaint is filed, the Estate's claims against Centurion will be dismissed with prejudice.

Centurion's motion for summary ruling, dkt. [34], is **DENIED**.

**IT IS SO ORDERED.**

Date: 9/3/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Zaki M. Ali
Zaki Ali, Attorney at Law
efile@zakiali.com

Damarayon Harrison
IDOC # 292980
Miami Correctional Facility
3038 W. 850 S.
Bunker Hill, IN 46914

Julius Stokes
Hendricks County Jail
189 E. Campus Blvd.
Danville, IN 46122

All ECF-registered attorneys of record